IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE LUIS PONCE-LEGASPI,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MICHAEL CHERTOFF, Secretary,<br>United States Department of<br>Homeland Security,<br><br>　　　　Respondent.<br>_____ | No. C 08-3328 MMC (PR)<br><br>**ORDER OF DISMISSAL;**<br>**GRANTING LEAVE TO PROCEED**<br>**IN FORMA PAUPERIS** |

On July 9, 2008, petitioner, a state pretrial detainee incarcerated at the Martinez Detention Facility and proceeding pro se, filed the above-titled petition for a writ of habeas corpus. Petitioner, who is currently in custody on state criminal charges, challenges the lawfulness of an immigration detainer lodged against him by the Department of Homeland Security. He asks the Court to order the detainer be lifted or stayed, because said detainer is affecting his ability to obtain bail in his state criminal proceedings and will prejudice his ability to receive a fair trial.

The petition must be dismissed, as petitioner cannot meet the custody requirement for a federal habeas corpus petition. Federal jurisdiction over a petition for a writ of habeas corpus exists only for petitions filed by persons "in custody" at the time the petition is filed. See 28 U.S.C. § 2241(c); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). Specifically, the petitioner must be in custody as a result of the action he seeks to challenge in the petition. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Habeas corpus is not available to

challenge an immigration detainer because "the bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available." Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995) (internal quotation and citation omitted); see, e.g., Mitchell v. Gonzales, No. C 07-4619 SI, 2007 WL 2688693, *1 (N.D. Cal. Sept. 12, 2007) (holding habeas corpus not available to California state prisoner challenging immigration detainer).

    Here, petitioner, on April 19, 2008, was arrested by the Pinole Police Department and charged with violations of state law.  Subsequently, on April 22, 2008, the Department of Homeland Security lodged an immigration detainer against him.  As petitioner is currently in custody pursuant to state criminal charges and is not in the custody of the Department of Homeland Security pursuant to the immigration detainer, his petition challenging the lawfulness of the Department of Homeland Security's action in lodging the detainer must be dismissed for lack of jurisdiction.

    Accordingly, the instant petition is hereby DISMISSED without prejudice to petitioner's filing a petition challenging the immigration detainer if at some future date petitioner is placed in the custody of the Department of Homeland Security pursuant to such detainer.

    In light of petitioner's lack of funds, leave to proceed in forma pauperis is hereby GRANTED.

    The Clerk shall close the file.

    IT IS SO ORDERED.

DATED: August 28, 2008

_____
MAXINE M. CHESNEY
United States District Judge